# General Civil Case Filing Information Form (Non-Domestic)

| | | | |
|---|---|---|---|
| **Court** | **County** | Gwinnett | **Date Filed** 04/30/2014 |
| ☑ **Superior** | | | MM-DD-YYYY |
| ☐ **State** | **Docket #** | 1 4 A 0 3 8 3 3 8 | |

FILED IN OFFICE
CLERK SUPERIOR COURT
GWINNETT COUNTY, GA

2014 MAY -2 PM 2: 50

RICHARD ALEXANDER, CLERK

| **Plaintiff(s)** | **Defendant(s)** |
|---|---|
| DAVIS, KENNETH C. | BAYVIEW LOAN SERVICING, LLC. |
| Last First Middle I. Suffix Prefix Maiden | Last First Middle I. Suffix Prefix Maiden |
| | RUBIN LUBLIN, LLC. |
| Last First Middle I. Suffix Prefix Maiden | Last First Middle I. Suffix Prefix Maiden |
| Last First Middle I. Suffix Prefix Maiden | Last First Middle I. Suffix Prefix Maiden |
| Last First Middle I. Suffix Prefix Maiden | Last First Middle I. Suffix Prefix Maiden |

**No. of Plaintiffs** _____

**No. of Defendants** _____

**Plaintiff/Petitioner's Attorney**   ☑ **Pro Se**

Last            First            Middle I.    Suffix

**Bar #** _____

## Check Primary Type (Check only ONE)

- ☐ Contract/Account
- ☐ Wills/Estate
- ☐ Real Property
- ☐ Dispossessory/Distress
- ☐ Personal Property
- ☐ Equity
- ☐ Habeas Corpus
- ☐ Appeals, Reviews
- ☐ Post Judgment Garnishment, Attachment, or Other Relief
- ☐ Non-Domestic Contempt
- ☐ Tort (If tort, fill in right column)
- ☐ Other General Civil Specify _____

## If Tort is Case Type:
### (Check no more than TWO)

- ☐ Auto Accident
- ☐ Premises Liability
- ☐ Medical Malpractice
- ☐ Other Professional Negligence
- ☐ Product Liability
- ☐ Other Specify _____

**Are Punitive Damages Pleaded?** ☐ Yes ☐ No

EXHIBIT A

Superior

## IN THE ~~STATE~~ COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

KENNETH C. DAVIS
_____
_____
_____

PLAINTIFF

VS.

BAYVIEW LOAN SERVICING, LLC

RUBIN LUBLIN, LLC
_____

DEFENDANT

14 A 03833 8

CIVIL ACTION
NUMBER:_____

## SUMMONS

TO THE ABOVE NAMED DEFENDANT:

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This ___8___ day of ___May___, 20_14_.

Richard T. Alexander, Jr.,
Clerk of State Court

By_____
Deputy Clerk

INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

SC-1 Rev. 2011

YOUR CASE NUMBER IS        14 A 03833 8

ASSIGNED TO JUDGE          ASSIGNED TO JUDGE HAMIL

PLEASE WAIT 60 DAYS BEFORE CONTACTING THE JUDGES OFFICE
WITH ANY QUESTIONS ABOUT YOUR CASE.

YOU CAN FOLLOW YOUR CASE ON
WWW.GWINNETTCOURTS.COM

| JUDGE | PHONE NUMBER |
|---|---|
| GEORGE F. HUTCHINSON | 770-822-8613 |
| DEBRA TURNER | 770-822-8620 |
| KATHRYN M. SCHRADER | 770-822-8618 |
| ~~MICHAEL C. CLARK~~ | 770-822-8609 |
| KAREN E. BEYERS | 770-822-8604 |
| RONNIE K. BATCHELOR | 770-822-8651 |
| MELODIE SNELL CONNER | 770-822-8660 |
| R. TIMOTHY HAMIL | 770-822-8673 |
| TOM DAVIS | 770-822-8585 |
| WARREN DAVIS | 770-822-8044 |

# IN THE SUPERIOR COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

FILED IN OFFICE
CLERK SUPERIOR COURT
GWINNETT COUNTY, GA

2014 MAY -2  PM 2: 30

RICHARD ALEXANDER, CLERK

| | |
|---|---|
| KENNETH C. DAVIS, a man,<br>*Plaintiff(s) vs.*<br><br><br>v<br><br><br>BAYVIEW LOAN SERVICING, LLC.,<br>RUBIN LUBLIN, LLC.;<br>*Defendant* (s) | **CASE NO.:**<br><br>**14 A  03833  8**<br><br>VERIFIED COMPLAINT FOR DAMAGES<br>COMPLAINT FOR EMERGENCY<br>INJUNCTIVE, DECLARATORY RELIEF &<br>TO STAY FORECLOSURE SALE<br><br>JURY TRIAL DEMANDED |

**COMES NOW**, the Plaintiff(s) KENNETH C. DAVIS complaining of the defendant(s) and each of them as follows;

## INTRODUCTION

1. This action is an action brought by the Plaintiff for violation of the Fair Credit Reporting Act, 15 U.S.C. §1681, Fair Debt Collection Practices Act, 15 U.S.C.§1692, O.C.G.A. §10-1-390 Deceptive Practices Act, and Defamation of Character respectively.

## THE PARTIES

2. Plaintiff "KENNETH C. DAVIS" is now and at all times relevant to this action an American National. Plaintiff is a "consumer" as that term is defined within 15 U.S.C.§1692a(3).

3. Defendant "BAYVIEW LOAN SERVICING, LLC." is a limited liability corporation formed under the laws of the state of Florida. It has a principle place of business located at 4425 Ponce de Leon Blvd, #5, Coral Gables, FL 33146. Defendant BAYVIEW LOAN SERVICING, LLC. is a "debt collector" as that term is defined by 15 USC§1692a(6).

## JURISDICTION AND VENUE

4. The Superior Court of Gwinnett County has jurisdiction pursuant to 15 U.S.C.§1692 *et*, al, and 15 U.S.C.§1681p *et*, al, and the court has jurisdiction over Plaintiffs

tort state claims. Venue is proper as the occurrences which give rise to this action took place in the state of Georgia. Therefore venue is proper in the Superior Court of Gwinnett County Georgia.

## FACTUAL ALLEGATIONS

5.   Plaintiff(s) brings this action regarding defendants and each of them for continued attempts to collect an alleged debt defendants claim is owed them. However Plaintiff is without knowledge of the alleged debt defendants claim is owed.

8.   On or about August 9, 2013, August 13, 2013, and, August 14, 2013 Plaintiff received dunning notices by defendant "BAYVIEW LOAN SERVICING, LLC." (*see*, attached "Exhibit A, B, and C" respectively). The dunning notices make numerous claims by the defendant(s) to Plaintiff regarding an alleged loan, mortgage, and/or Security Deed. Consequently, Plaintiff is without specific knowledge and evidence that supports defendant's claims and allegations.

9.   On or about September 11, 2013 in response to defendants dunning letters, Plaintiff served upon them a Notice for Validation of Debt via US CERTIFIED MAIL# 70113500000198597376 pursuant to 15 USC§1692, FDCPA. (*see*, attached "Exhibit D") The notice required the defendant "debt collector" to validate/verify their alleged debt pursuant to 15 USC§1692g.

10.   On or about October 1, 2013 and again November 11, 2013, Plaintiff received a response (*see*, attached "Exhibit E") from the defendant that contained "copies" of publicly listed documents filed in the Gwinnett County Recorder's office. The proffered documents fail to prove the existence of the alleged debt claimed to be owed to either defendant.

11.   On or about February 6, 2013 the Plaintiff obtained his consumer credit report from the three (3) major reporting credit bureaus Equifax, Experian, and Transunion. Plaintiff discovered defendant BAYVIEW LOAN SERVICING, LLC. had been reporting this alleged debt to all three credit reporting agencies since October 2013 on a monthly basis until and including March 2014 for a total of 5 months. Plaintiff, in February 10, 2013, immediately filed electronic disputes with the credit agencies pursuant to 15 USC§1681, the FCRA. On or about March 6, 2013 (30 days later) the three major credit reporting agencies after conducting an investigation with the credit furnisher (defendant debt collector) determined that the alleged debt was valid, and to be the Plaintiffs debt. However, admittedly,

Bayview then removed the negative reporting in its entirety by the next report in April.

12.   Plaintiff has suffered significant economic harm as a result of the erroneous credit reporting by each of the defendant(s).

13.   The above-detailed conduct by each of the Defendants has more to do with their deceptive and illegal acts in their attempt to collect the alleged debt, as opposed to any determined legitimacy of the alleged debt. The FDCPA, FCRA and OCGA 10-1-390 relates to the defendants even if they were collecting a legitimate debt. Plaintiff asserts for the record that defendants are neither Creditors, Lenders, or Mortgagees, neither did either defendant provide any credit to Plaintiff. Notwithstanding each of the defendants are "debt collectors" pursuant to 15 USC §1692a(6). Plaintiffs allege the FDCPA states in part;

The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. **Notwithstanding the exclusion provided by clause (F) of the last sentence of this paragraph, the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts.**
For the purpose of section 808(6), such term also includes any person who uses any instrumentality of interstate commerce or he mails in any business the principal purpose of which is the enforcement of security interests.

14.   Plaintiff therefore seeks damages as a result of defendant's acts.

## FIRST CAUSE OF ACTION
## VIOLATION OF 15 U.S.C.§1681i FAIR CREDIT REPORTING ACT
### (DEFENDANT)

15.   Paragraphs 1-13 are re-alleged as though fully set out herein.

16.   Plaintiffs are "consumers" within the meaning of the FCRA, 15 U.S.C.§1681a(c).

17.   Defendant BAYVIEW LOAN SERVICING, LLC as "credit furnishers" within the meaning of the 15 U.S.C.§1681a(c). 15 USC§1681s-2(a) prohibits furnishers from reporting inaccurate or erroneous information about consumers. As such, it placed an affirmative duty on furnishers to correct and update information which they know, or reasonably should know, is inaccurate. The subsection requires furnishers to flag or otherwise provide notice to credit reporting agencies of any "dispute" by a consumer related to his or her credit information or history, FCRA, 15 USC§1681s-2(a)(1)-(3). Plaintiffs consumer credit report is a consumer report within the meaning of 15 U.S.C. §1681a (d).

18.   The FCRA, 15 U.S.C. 1681s-2(b) has Obligations regarding credit furnishers to

investigate consumers disputes. Subsection 1681s-2(b) specifies a second set of obligations on a furnisher. These obligations are triggered once a credit reporting agency (CRA) notifies the furnisher that it has received a "notice of dispute" from the consumer pursuant to 15 U.S.C. § 1681s-2(a)(2). After the disputes are received by a CRA from a consumer, it, in turn, is required under § 1681i of the FCRA to forward a consumer dispute verification (CDV) form to the furnisher, requiring it to verify the credit information and investigate its accuracy. After receiving notice of such a dispute from a CRA, a furnisher has 5 mandatory duties it must perform within 30 days:

> (1) to conduct "an investigation" with respect to the disputed information;
>
> (2) to "review all relevant information" provided by the credit reporting agency;
>
> (3) to "report the results of its investigation" back to the credit reporting agency;
>
> (4) if the investigation finds the existing information is incomplete or inaccurate, to report back those results to each of the consumer reporting agencies to whom the furnisher originally communicated information about the consumer; and
>
> (5) to "modify, . . .delete. . .or. . .permanently block" the reporting of any item of information found to be inaccurate, incomplete, or which cannot be verified as accurate after a reinvestigation. 15 U.S.C. § 1681s-2(b)(1).

19.    In §1681s-2(b) duties arise only after a furnisher receives notice of dispute from a CRA. Notice of a dispute to a furnisher by a consumer directly does *not* trigger a furnisher's duty to reinvestigate under §1681s-2(b). The consumer must dispute to a CRA, which, in turn, forwards the dispute to the furnisher. This indirect "filtering" mechanism must be followed by a consumer to give rise to a duty of investigation *under the FCRA* to the furnisher. A furnisher need not honor a dispute received directly from the consumer, whether oral or written, under the FCRA. Such a dispute, it should be noted, likely does create a legal obligation under §1692g of the FDCPA which Plaintiffs served upon defendant "debt collector" BAYVIEW LOAN SERVICING, LLC.

20.    Plaintiffs notified Defendant BAYVIEW LOAN SERVICING, LLC. of its dispute by mail, and defendant BAYVIEW LOAN SERVICING, LLC. also received notice from the three major credit reporting agencies Equifax, Experian and Transunion. Defendant "debt collector" BAYVIEW LOAN SERVICING, LLC. failed to delete information found to be inaccurate and erroneous, and or failed to properly investigate Plaintiff's disputes.

21.   Plaintiff alleges that at all relevant times Defendant "debt collector" BAYVIEW LOAN SERVICING, LLC. failed to maintain, and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, concerning the accounts in question, violating 15 U.S.C. § 1681e(b). Plaintiff alleges that Defendant failed to conduct a proper and lawful reinvestigation.

22.   All actions taken by BAYVIEW LOAN SERVICING, LLC. the Defendant "debt collector" and Equifax were done with malice, were done willfully, and were done with either the desire to harm Plaintiffs and/or with the knowledge that their actions would very likely harm Plaintiff and/or that their actions were taken in violation of the FCRA and state law and/or they knew or should have known that their actions were in reckless disregard of the FCRA and state law. Defendants and each of their acts constitutes multiple willful non-compliance with FCRA.

23.   All of the violations of the FCRA proximately caused the injuries and damages to Plaintiffs as set forth in this Complaint. The FCRA requires the following of Defendant Equifax;

(2) ) Prompt Notice of Dispute to Furnisher of Information

(A) *In general.* Before the expiration of the 5-business-day period beginning on the date on which a consumer reporting agency receives notice of a dispute from any consumer or a reseller in accordance with paragraph (1), the agency shall provide notification of the dispute to any person who provided any item of information in dispute, at the address and in the manner established with the person. The notice shall include all relevant information regarding the dispute that the agency has received from the consumer or reseller.

(B) *Provision of other information.* The consumer reporting agency shall promptly provide to the person who provided the information in dispute all relevant information regarding the dispute that is received by the agency from the consumer or the reseller after the period referred to in subparagraph (A) and before the end of the period referred to in paragraph (1)(A).

(4) *Consideration of consumer information.* In conducting any reinvestigation under paragraph (1) with respect to disputed information in the file of any consumer, the consumer reporting agency shall review and consider all relevant information submitted by the consumer in the period described in paragraph (1)(A) with respect to such disputed information.

(5) Treatment of Inaccurate or Unverifiable Information

(A) *In general.* If, after any reinvestigation under paragraph (1) of any information disputed by a consumer, an item of the information is found to be inaccurate or incomplete or cannot be verified, the consumer reporting agency shall–

(i) promptly delete that item of information from the file of the consumer, or modify that item of information, as appropriate, based on the results of the reinvestigation; and

(ii) promptly notify the furnisher of that information that the information has been modified and/or deleted from the file of the consumer.

24. Plaintiffs have been significantly harmed by defendant "BAYVIEW LOAN SERVICING, LLC." due to erroneous reporting of the alleged debt. Due to defendants acts, Plaintiffs has suffered damages that led to multiple denials of credit, some of those denials of credit were from Capital One Bank, Visa, and American Express. The multiple denials of credit were a direct reflection of defendants erroneous credit reporting. Plaintiffs are entitled to actual damages for those creditors who denied Plaintiffs credit based on a deteriorated credit score and credit worthiness. Defendant negligent and noncompliant acts may have been a direct violation of 15 USC§1681(n) and 15 USC§1681(o) respectively.

25. Therefore, Plaintiffs demands judgment for damages against Defendant "BAYVIEW LOAN SERVICING, LLC" for actual damages, punitive damages, and statutory damages of $1000.00, attorney fees, and costs pursuant to 15 U.S.C.§1681(n), and 15 USC§1681(o).

## SECOND CAUSE OF ACTION INVASION OF PRIVACY
### (DEFENDANT)

26. Paragraphs 1-25 are re-alleged as though fully set out herein.

27. Defendant "BAYVIEW LOAN SERVICING, LLC." is a "debt collector" and is a stranger to the Plaintiffs. Plaintiff has no contractual relationship with defendant "BAYVIEW LOAN SERVICING, LLC." and has never applied for credit or services with the defendant.

28. Starting on or about August 9, 2013 defendant "BAYVIEW LOAN SERVICING, LLC." illegally obtained Plaintiffs consumer credit report(s). Defendant BAYVIEW LOAN SERVICING, LLC. is not a creditor, therefore the illegal obtaining of Plaintiffs consumer credit reports constitutes a Tort claim for Invasion of Privacy.

29. Plaintiffs right to privacy are also an enumerated Constitutional right, both in the State

and Federal Constitution. Plaintiffs has been damaged in that their proprietary, confidential, most personal information was unlawfully and illegally breached by defendant "BAYVIEW LOAN SERVICING, LLC." Importantly Plaintiffs are most concerned with the fact that Plaintiffs "did not" provide their social security number(s) to BAYVIEW LOAN SERVICING, LLC. Plaintiffs support this assertion by the mere fact that no credit, application or services were ever applied for, nor received by the defendant "BAYVIEW LOAN SERVICING, LLC." from the Plaintiff at any time.

30. Plaintiff's have a right to discovery, to determine where Defendant obtained their personal, private information from. Specifically Plaintiffs will investigate through discovery where defendant obtained Plaintiffs social security number from, and what additional proprietary information was obtained by the defendant illegally and unlawfully, and how that information is being used. Defendant BAYVIEW LOAN SERVICING, LLC. may also be guilty of identity theft under state and federal law.

31. Therefore defendant BAYVIEW LOAN SERVICING, LLC. "debt collector" is liable to Plaintiffs for actual, punitive, consequential, compensatory damages in an amount determined at trial, or by the court.

## THIRD CAUSE OF ACTION
## GEORGIA FAIR BUSINESS PRACTICES ACT OCGA 10-1-393(c)
### (ALL DEFENDANTS)

32. Paragraphs 1-31 are re-alleged as though fully set out herein.

33. Plaintiffs are consumers as defined with OCGA§10-1-393, defendants are business enterprises as defined in OCGA§10-1-393. Defendant's alleged debt is a consumer transaction, and consumer acts or practices in trade or commerce. This Act protects "consumers and legitimate business enterprises" by forbidding and declaring unlawful any "unfair or deceptive acts or practices in the conduct of consumer transactions and consumer acts or practices in trade or commerce."

34. Plaintiffs as a condition precedent sent Notice to each defendant in compliance with OCGA§10-1-399 (see, "Exhibit D"). Therefore each defendant was afforded ample opportunity to comply with the provisions set forth in OCGA§ 10-1-393.

35. Defendants intentional acts of providing multiple erroneous, fabricated amounts allegedly due and owing constitutes an intentional, willful violation of the act (see, "Exhibits A, B, C"). Plaintiffs, even if the debt was legitimate, could make no true accounting of the amounts alleged by defendants. Plaintiffs on multiple occasions offered to pay the alleged debt if defendants could validate, and or provide a sensible computation of the amounts

alleged to be due and owing.

36.   Notwithstanding, defendants claims have no merit, and due to the debt collectors misrepresentation of the character and amount of the alleged debt, Plaintiffs are/were unable to make a legal or lawful determination in an effort to possibly satisfy the alleged debt if legitimate.

37.   Plaintiffs were significantly harmed by defendant's deceptive acts, oppression, abusive debt collection activities. Plaintiffs harm includes emotional distress, confusion, anxiety, significant harm to Plaintiffs consumer purchasing power, embarrassment, extension abusive litigation and costs, and humiliation.

38.   Defendants are therefore liable to Plaintiffs, and Plaintiffs are entitled to recover compensatory damages and reasonable attorneys' fees, O.C.G.A.§10-1- 399(a),(d), and in the event of an intentional willful violation, treble damages. O.C.G.A.§10-1-399(c).

## FOURTH CAUSE OF ACTION
## NEGLIGENT, WANTON, AND/OR INTENTIONAL HIRING AND SUPERVISION OF INCOMPETENT EMPLOYEES OR AGENTS
### (DEFENDANT)

39.   Paragraphs 1-61 are re-alleged as though fully set out herein.

40.   Defendant "BAYVIEW LOAN SERVICING, LLC." was aware of their wrongful conduct in creating an alleged debt Plaintiffs are not obligated to, or are not able to discern the amount and character of the alleged debt. Defendant knew and approves of its incompetent employees and agents, attorney debt collectors, and debt collection agency who are involved in debt collection against the Plaintiffs. Defendant BAYVIEW LOAN SERVICING, LLC. negligently, wantonly, and/or intentionally hired, trained, retained, or supervised incompetent debt collectors in defendant RUBIN LUBLIN LLC. also "a debt collector", whom were allowed, or encouraged to violate the law as was done to the Plaintiffs. Defendant "Rubin Lublin LLC" is therefore responsible and liable to the Plaintiffs for the wrongs committed against them, and the substantial damages suffered by Plaintiffs.

41.   Therefore, Plaintiff is entitled to punitive, consequential, actual, and special damages, and any other such damages the court deems necessary.


## FIFTH CAUSE OF ACTION
## VIOLATION OF 15 USC 1692, FAIR DEBT COLLECTIONS PRACTICES ACT
### (ALL DEFENDANTS)

42.   Paragraphs 1-41 are re-alleged as though fully set out herein.

43.   All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

44.   Plaintiffs are "consumers" as defined in 15 USC 1692a(3). Defendants "BAYVIEW LOAN SERVICING, LLC" and "Rubin Lublin, LLC" are "debt collectors as defined in 15 USC §1692a(6). Defendants were attempting to collect a debt for "household purposes 15 USC 1692a(5).

45.   Plaintiffs served defendants and each of them were served with a Notice of Dispute in compliance with 15 USC§1692g. 15 USC 1692g requires defendant to provide Plaintiffs with verification of the alleged debt once received. 15 USC 1692g(5)(b) requires defendants to cease all collection activity until the debt collector obtains *verification* of the alleged debt. Defendants and each of them has failed to provide one scintilla of valid proof of their alleged debt. However defendants continue to make attempts at collection of the alleged debt through erroneous credit reporting, dunning letters, and ,most egregiously, by initiating a non-judicial foreclosure action.

46.   Defendants violated the FDCPA, and caused damages to Plaintiff by their failure to comply with the Act. Defendant's violations include, but are not limited to the following;

   a.   Defendant violated §1692f of the FDCPA by taking or threatening to take any *nonjudicial* action to effect dispossession or disablement of property;

   b.   Defendant violated §1692d of the FDCPA by engaging in conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of an alleged debt and;

   c.   Defendant violated §1692(j) of the FDCPA by using unfair or unconscionably means in connection with the collection of an alleged debt;

   d.   using unfair or unconscionable means to collect or attempt to collect a debt, in violation of 15 U.S.C. §1692f;

   e.   Defendant violated the 15 USC§1692(e)(8) requires debt collectors to communicate the disputed status of a debt if the debt collector 'knows or should know' that the debt is disputed, standard requires no notification by the consumer, written or oral, and instead, depends solely on the debt collector's knowledge that a debt is disputed, regardless of how or when that knowledge is "acquired."

47.   Specifically defendant "BAYVIEW LOAN SERVICING, LLC" knew it was not entitled to collect on the non-existent debt.

48. Defendants were fully aware that each of them were/are *unable* to provide a performance contract executed by Plaintiffs, whereby Plaintiffs are obligated to defendants.

49. Therefore defendants are liable to Plaintiffs for damages to their consumer credit reports which resulted in higher auto insurance premiums, higher interest rates, emotional, mental stress, insomnia, embarrassment, loss of sleep, anxiety, and other related damages due to defendant's acts.

## SIXTH CAUSE OF ACTION EMERGENCY TEMPORARY
## AND PERMANENT INJUNCTIVE RELIEF

Plaintiffs reaffirm and reallege paragraphs 1 through 49 hereinabove as if set forth more fully herein below.

50. This is an action for emergency temporary and permanent injunctive relief which is brought pursuant to O.G.C.A. sec. 9-5-1 and sec. 9-5-3, and on an emergency basis without notice pursuant to O.G.C.A. sec. 9-11-65(b).

51. O.C.G.A. sec. 9-5-1 provides that equity, by writ of injunction, may restrain any act of a private individual or corporation which is illegal or contrary to equity and good conscience and for which no adequate remedy is provided at law.

52. O.C.G.A. sec. 9-5-3(b) provides that writs of injunction may be issued by the superior courts to enjoin sales by sheriffs, at any time before a sale takes place, in any proper case made by application for injunction.

53. Plaintiffs have a clear legal right to seek temporary and permanent injunctive relief as Plaintiffs reside in the Property and as Defendants are seeking, through illegal and unlawful means and without satisfying the necessary legal standing requirements to institute a foreclosure, take possession, custody, and control of the Property, ultimately remove the Plaintiffs from their home and seek a deficiency judgment against Plaintiffs.

54. Plaintiffs have no adequate remedy at law to redress the harm complained of, and the sale of the Plaintiffs' property, under the circumstances of record, is contrary to equity and good conscience in that such sale is being instituted by parties who have no legal standing to institute or maintain the foreclosure *ab initio*.

55. O.G.C.A. sec. 9-11-65(b)(1) and (2) provide that a temporary restraining order may be granted without oral or written notice to the adverse party if it clearly appears from the specific

facts shown by verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or his attorney can be heard in opposition, and that the applicant's attorney certifies to the court, in writing, the efforts, if any, which have been made to give the notice and the reasons supporting the party's claim that notice should not be required.

56. The specific facts set forth in this Verified Complaint demonstrate that unless a temporary injunction against the foreclosure sale set for Tuesday, May 6, 2014 is not granted, Plaintiffs will suffer the irreparable injury, loss, and damage of the loss of their home and eviction therefrom.

57. Under the circumstances where the foreclosure sale is set for less than five (5) calendar days (which include a Saturday and Sunday) from the date of the filing of this Verified Complaint, the irreparable loss to the Plaintiffs will result before the Defendants and may be heard in opposition to the relief requested herein if the emergency relief requested herein is not granted immediately.

58. The requisite certification pursuant to O.G.C.A. sec. 9-11-65(b)(2) is set forth following the Verification of this Complaint by the Plaintiffs *infra*.

59. As Defendants and have no legal standing to institute or maintain a foreclosure of the Property, there is no harm to said Defendants with the granting of the requested relief, and any claimed harm is substantially outweighed by the irreparable harm to the Plaintiffs if the relief requested herein is not granted.

60. The granting of the relief requested herein is in the public interest, as the consuming public, including Plaintiffs, will continue to be harmed by the illegal and unlawful conduct of the Defendants and if the relief requested herein is not granted.

61. Under the circumstances where there is no harm to Defendants and with the granting of the requested relief, no bond should be required as a prerequisite to the granting of the relief requested herein as there are no costs or other damages which could be contemplated on the part of Defendants and with the granting of the requested relief for which a bond would otherwise be necessary.

WHEREFORE, Plaintiffs' motion having satisfied the requisite elements. Plaintiff respectfully requests that this Court immediately take jurisdiction of this matter and enter an Order granting temporary and permanent injunctive relief expressly precluding and canceling the imminent non-judicial foreclosure sale presently scheduled for Tuesday, May 6, 2014 for the reasons set forth herein, and for any other and further relief which is just and proper. Plaintiff prays that this

Court adjudges and grants the following relief:

1. ADJUDGE that Defendant BAYVIEW LOAN SERVICING, LLC. is a "debt collector"; and

2. GRANT a Temporary Restraining Order and/or Preliminary Injunction to prevent the unlawful non-judicial foreclosure scheduled for May 6, 2014 on Plaintiffs' Residence.

3. GRANT a Permanent Injunction, until such time that standing of the Defendants can be verified.

4. COMPEL proof of any assignments, liens or any other instruments that prove any valid claims by any alleged Holders in Due Course.

5. COMPEL validation of the alleged Debt, including a full accounting of any payments made against that Debt due to Corridor Agreements, Credit Default Swaps, and/or negotiated settlements. that neither Defendant nor Defendant have legal standing or the proper legal or equitable interest in either the Note and Security Deed to institute or maintain a foreclosure; and

6. GRANT Plaintiff all court costs and court related fees.

7. GRANT Plaintiff any and all other and/or further relief allowed by Law and/or which this court deems just and proper.


<u>VERIFICATION</u>

The undersigned Plaintiffs verify, under oath, that the foregoing factual allegations in this Verified Complaint are true and correct.

Dated: 04/24/2014


BY: _____
           KENNETH C. DAVIS , PLAINTIFF


BEFORE ME, THE UNDERSIGNED AUTHORITY, personally appeared who are either (personally known by me) or (who have produced _____[type of identification]) and who, after being duly sworn by me, verified that the factual allegations in the foregoing Verified Complaint are true and correct and who placed their hand and signatures above.

_____

Notary Public, State of Georgia

My commission expires: 12-13-2015

EXHIBIT A

 **BAYVIEW**  Bayview Loan Servicing, LLC
4425 Ponce de Leon Blvd., 5th Floor
Coral Gables, FL 33146

**CHANGE OF OWNER NOTIFICATION**
Date of this Notice: 8/09/2013

Kenneth Davis
Addie Davis
1835 Logan Ridge Cir
Loganville, GA 30052

**Loan Number:** 651502      **Property Address:**    1835 Logan Ridge Circle
Loganville, GA 30052

Dear Customer:

You are receiving this Notice because your mortgage loan identified below was transferred to us by the prior holder or servicer of your mortgage loan. To confirm the transfer of your mortgage loan to us you may contact the prior holder or servicer of your mortgage loan.

In this Notice, the terms "we", "us" or "our" mean the new creditor identified below. The terms "you" and "your", mean the mortgage borrower(s) identified below. This Notice is provided by or on behalf of the new creditor identified below.

**Mortgage Loan Information**

Mortgage Borrower Name(s):     Kenneth Davis
Loan Number:     651502
Loan Date:     3/20/2008
Original Loan Amount:     $232,254.00
Address of Mortgaged Property:     1835 Logan Ridge Circle, Loganville, GA 30052

**Please note the following information regarding the change of creditor:**
1. The identity (name), address and telephone number of the new creditor:
   U.S. Bank National Association, as trustee, in trust for the benefit of the Holders of Bayview Opportunity Master Fund IIIa REMIC Trust 2013-11NPL2 Beneficial Interest Certificates, Series 2013-11NPL2
   Attn: Corporate Trust Services
   60 Livingston Ave., EP-MN-WS3D
   St Paul, Minnesota 55107
   Phone: 800-934-6802

2. **Mortgage loan service transfer date: 7/12/2013**

Section 404 Loan No.: 651502

 Bayview Loan Servicing, LLC
4425 Ponce de Leon Blvd., 5th Floor
Coral Gables, FL 33146

3.  **To reach an agent** or party having authority to act on behalf of the new creditor:

    _ We are the servicer for your mortgage loan. The mailing address and phone number to reach us is:

    X Your mortgage loan is serviced by a servicer we hired. The mailing address and phone number to reach our servicer is:

| | |
|---|---|
| Bayview Loan Servicing, LLC | Toll Free Number & Hours |
| ATTN: Customer Service | 1-800-457-5105 |
| 5th Floor Mail Room | 8:00 am – 9:00 pm ET |
| 4425 Ponce De Leon Blvd. | Monday – Friday |
| Coral Gables, FL 33146 | |

4.  The location of the place where transfer of ownership of the debt is or may be recorded is the county recorder's office for Walton County, GA.

5.  Additional information: This Notice does not identify or otherwise change the address where you send your mortgage loan payments. If there is any change in the address for your mortgage loan payments, you will be notified of such change separately and apart from this Notice.

Bayview Loan Servicing, LLC is here to assist you with your loan servicing needs.

Sincerely,

*[signature]*

Marilyn Coro, First Vice-President
Customer Support
Bayview Loan Servicing, LLC

Section 404 Loan No.: 651502

EXHIBIT B

 **BAYVIEW**
Bayview Loan Servicing, LLC
4425 Ponce De Leon Blvd. 5th Floor
Coral Gables, FL 33146

**Help for America's Homeowners**

 MAKING HOME AFFORDABLE

Loan #:   0000651502

**Property Address:**
1835 LOGAN RIDGE CIRCLE
LOGANVILLE, GA 30052-0000

KENNETH C. DAVIS
ADDIE DAVIS
1835 LOGAN RIDGE CIR
LOGANVILLE, GA 30052-8170

**Your Bayview Representative:**
Residential Asset Manager
1 (877) 205-9958

August 13, 2013

## Request for Initial Packet for the Home Affordable Modification Program

Dear Customer:

There is help available if you are having difficulty making your mortgage loan payments. You may be eligible for the Home Affordable Modification Program, part of the initiative announced by President Obama to help homeowners.

**You may be able to make your payments more affordable.**

Act now to get the help you need!

As your mortgage loan servicer, we will work with you in an effort to make your mortgage payment affordable. You will not pay any fees to take advantage of this opportunity to modify your mortgage loan payment and keep your property. Now is the time to act. We are ready to help you.

**Here's how it works:** we will first determine if you are eligible based on your situation. To conduct this evaluation, we need you to submit an Initial Package consisting of a Request for Mortgage Assistance form (including all necessary certifications), an IRS Form 4506T-EZ or Form 4506-T, and documentary evidence of all income. You may obtain the Request for Mortgage Assistance form and the IRS Form 4506T-EZ or Form 4506-T at www.bayviewloanservicing.com/resources.

We will need additional information to complete this analysis. Please refer to the enclosed HAMP Required Documents Checklist for the complete list.

Additional documentation may be required for special circumstances. If you have other types of income, cannot locate required documents, or have questions about the documentation required, please contact us at 1 (877) 205-9958.

If you are eligible, we will look at your monthly income and housing costs, including any past due payments, and then determine an affordable mortgage payment.

At first, you will make new, affordable monthly payments on your mortgage loan during a trial period. If you make those payments successfully and fulfill all trial period conditions, we will permanently modify your mortgage loan.

The Making Home Affordable program was created to help millions of homeowners refinance or modify their mortgages. As part of this program, we – your mortgage servicer – and the Federal Government are working to offer you options to help you stay in your home.

EXHIBIT C

 **BAYVIEW**
LOAN SERVICING

Bayview Loan Servicing, LLC
4425 Ponce de Leon Blvd. 5th Floor
Coral Gables, FL 33146

**DEBT VALIDATION LETTER**

August 14, 2013

KENNETH C DAVIS
ADDIE DAVIS
1835 LOGAN RIDGE CIR
LOGANVILLE, GA 30052

**Loan Number:** 651502

**Property Address:** 1835 LOGAN RIDGE CIR
LOGANVILLE, GA 30052

Dear Borrower:

Bayview Loan Servicing LLC is seeking to bring your mortgage account current. Bayview Loan Servicing, LLC is currently servicing your loan on behalf of U.S. Bank National Association, as trustee, in trust for the benefit of the Holders of Bayview Opportunity Master Fund IIIa REMIC Trust 2013-11NPL2 Beneficial Interest Certificates, Series 2013-11NPL2, the owner of your loan.

We are attempting to collect a debt and any information obtained will be used for that purpose. As of August 13, 2013 your current amount due on this account is $296,988.85. This debt will continue to accrue interest and you will be responsible for any other incurred expenses related to your debt, which may include additional advances or fees.

Please contact our Loan Counseling Department at 800-771-0299 to resolve this matter.  We will continue our efforts to obtain payment of the amount currently due, unless you exercise the rights spelled out below. This is a serious matter, which if left unresolved, may result in damage to your credit rating and the eventual loss of your home.

**YOU HAVE THE FOLLOWING RIGHTS**

THIS DEBT WILL BE ASSUMED TO BE VALID UNLESS YOU DISPUTE ALL OR A PORTION OF ITS VALIDITY WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE. IF YOU NOTIFY THIS OFFICE IN WRITING THAT THE DEBT IS DISPUTED WITHIN 30 DAYS, WE WILL OBTAIN VERIFICATION OF THE DEBT AND WILL MAIL YOU A COPY.

THIS OFFICE WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR (IF DIFFERENT FROM THE CURRENT CREDITOR) UPON YOUR WRITTEN REQUEST WITHIN 30 DAYS. THE FAIR DEBT COLLECTION PRACTICES ACT PERMITS INSTITUTION OF LEGAL ACTION PRIOR TO THE EXPIRATION OF THE AFOREMENTIONED 30 – DAY PERIOD.

State law requires the following notices. They are not meant to explain all of the rights to which you may be entitled, or to indicate Bayview Loan Servicing LLC is not licensed in your state. The rights described in these state notices, or similar rights, may, depending on state law, apply to you even if you live in another state.

Residents of Arkansas: This communication is from Bayview Loan Servicing, LLC. The purpose of this communication is to collect the debt described above. The creditor to which this debt is owed is U.S. Bank National Association, as trustee, in trust for the benefit of the Holders of Bayview Opportunity Master Fund IIIa REMIC Trust 2013-11NPL2 Beneficial Interest Certificates, Series 2013-11NPL2.

EXHIBIT D

*Ex. D*

Date: September 11, 2013            US CERTIFIED MAIL# 70113500000198597376

### NOTICE AND DEMAND TO VALIDATE DEBT CLAIM


:kenneth-cordell:davis
c/o 1835 Logan Ridge Circle
Loganville,
Georgia [30052]


Bayview Loan Servicing, LLC
4425 Ponce de Leon Blvd. 5th Floor
Coral Gables, FL 33146


REF: Your Dept Validation letter Dated August 14, 2013
     Alleged Loan Number: 651502

<u>This is an offer to fully pay/discharge the attached claim of debt on the condition that the claiming parties comply with this notice within 30 days of receipt of this correspondence.</u>

<u>NOTICE OF CLAIM DISPUTE</u>
<u>NOTICE TO AGENT IS NOTICE TO PRINCIPAL</u>
<u>NOTICE TO PRINCIPAL IS NOTICE TO AGENT</u>
<u>APPLICABLE TO ALL SUCCESSORS AND ASSIGNS</u>

---

**\*\*\*\*\*\*\*SILENCE IS ACQUIESCENCE\*\*\*\*\*\*\***

---

<u>NOTICE AND DEMAND TO CEASE AND DESIST COLLECTION ACTIVITIES PRIOR TO VALIDATION OF PURPORTED DEBT</u>

### I do not wish to contract with you.

Pursuant to the truth in lending laws of the United States Code, Title 15 § 1601 et. seq. and the Fair Debt Collection Practices Act laws of the United States Code § 1692 et. seq.
This notice constitutes a timely written response to your Fair Debt Collection Practices Act notice that you are attempting to collect an alleged debt and is not a dishonor of your alleged claim of debt.
This notice is my, required by law, demand to "cease and desist" collection activities prior to validation of purported debt and you must validate the enclosed claim of an alleged debt.  You must provide verification that an actual debt really exists by producing the following:


(1)   The name and address of the organization or other governmental unit alleging a debt;

(2)   The name and address of the person or persons in that organization or other governmental unit alleging a claim of a debt;

(3)   The name of the actual creditor even if that is myself;

**(4)   The origin of the funds used to create this alleged claim of a debt**

**(5)**   The actual records of the organization or other government unit showing the time and place of the deposit and distribution of the funds used to create this alleged claim of debt.

**(6)   The actual records of the organization or other governmental unit showing that an actual loan was made from the organization or other governmental unit's own funds that resulted in the enclosed alleged claim of a debt.**

**(7)   The actual records of the organization or other governmental unit with a <u>live signature on any and all document/instrument(s)</u> used to allege the existence of a real loan of funds or debt from the organization or other governmental unit to myself or anyone else by a similar name.**

**(8)**   Be advised that verification is defined (Black's Law Dictionary, 6th Edition) as follows: "<u>Confirmation of correctness, truth, or authenticity, by affidavit, oath or deposition</u>". Affidavit of truth of matter stated and object of verification is to assure good faith in averments or statements of party.

(9)   The actual records of the organization or other governmental unit showing that an honest disclosure of facts relating to the alleged loan was made by the organization or other governmental unit in compliance with the truth in lending laws of the United States Code, Title 15 § 1601 et. seq. and Regulation Z.

**(10)  The actual records of the organization or other governmental unit showing that any and all document/instrument(s) containing my signature or the likeness of my signature were not negotiated or pledged by the organization or other governmental unit against my credit to create the funds used for the appearance of a debt and resulting in this alleged claim of debt.**

**(11)  The person that prepares and swears to the validation of debt must describe:** 1) your job description on a daily basis; 2) if you are the regular keeper of those books and records and are familiar with how they are kept and their contents; 3) how long have you been in your position; 4) when did you first come in contact with the alleged account/debt; 5) how frequently do you work with the files and information they are presenting to verify/validate the alleged debt; 6) are you the person/employee who regularly works with the alleged account/debt; and 7) do you have personal knowledge about the alleged debt and/or any alleged account.

<u>15 U.S.C. § 1692 (e) states that a "false, deceptive, and misleading representation, in connection with the collection of any debt," includes the false representation of the character or legal</u>

status of any debt and further makes a threat to take any action that cannot legally be taken a deceptive practice.

Pursuant to 15 U.S.C. § 1692 (g) (4) **Validation of Debts**, if you have evidence to validate your claim that the presentment referenced on page 1 of 7 does not constitute fraudulent misrepresentation and that one owes this alleged debt, this is a demand that, within 30 days, you provide such verification/validation and supporting evidence **signed and certified under penalty of perjury to substantiate your claim. Until the requirements of the Fair Debt Collection Practices Act have been complied with and your claim is verified/validated, you have no consent to continue any collection activities.**

This is a constructive notice that, absent the validation of your claim within 30 days, you must "cease and desist" any and all collection activity and are prohibited from contacting me through the mail, by telephone, in person, at my home, or at my work. You are further prohibited from contacting any other third party. Each and every attempted contact, in violation of this act, will constitute harassment and defamation of character and will subject your agency and/or attorney and any and all agents in his/her individual capacities, who take part in such harassment, and defamation, to a liability for actual damages, as well as **statutory damages of up to $1,000 for each and every violation**, and a further liability for legal fees to be paid to any counsel which I may retain. Further, absent such validation of your claim, you are prohibited from filing any notice of lien and/or levy or judgment and are also barred from reporting any derogatory credit information to any credit reporting agency, regarding this disputed purported debt.

Further, pursuant to the **Fair Debt Collection Practices Act**, 15 U.S.C. § 1692 (g) (8), as you are merely an "agency" or other governmental unit of the United States, acting on someone else's behalf, this is a demand that you provide the name of the original "principal", or "holder in due course", for whom you are attempting to collect this alleged debt.

**Please take notice that this is a criminal investigation of the business practices of the above named organization or other governmental unit, its agents, officers, employees and attorney to determine violations of the United States criminal laws.** Your enclosed claim of collection of a purported debt appears to be founded upon a false record in violation of U.S.C. Title 18 § 2071 and 2073 (falsifying records) and further; uttering and possessing false obligations and counterfeit securities based upon the falsified records in violation of U.S.C. Title 18 § 471, 472, 473 and/or 513, and further: using corrupt business practices to make and possess false records and claim of obligation, not substantiated by truthful facts in violation of the Federal Racketeer Influences and Corrupt Organization (RICO), U.S.C. Title 18 § 1961 et. seq. and further: using the U.S. Mail to present such fraud and false instruments amounting to Mail Fraud, criminal conduct falling under Title 18 U.S.C. § 1341 – Frauds and Swindles laws, and further sending mail with false and fictitious names, a criminal conduct falling under Title 18 U.S.C. § 1842 – Fictitious Names.

NOTICE OF POTENTIAL CIVIL RIGHTS VIOLATION

If you and/or your agents, assigns or successors attempt, or <u>continue</u> to attempt, to collect on the alleged debt in any manner, method or form including court action, negative credit reporting (conspiring with the "credit reporting bureaus"), letters/statements in the mail (conspiring with the United States Post Office/Service"), after failing/refusing to provide verification and adequate assurance (proof of claim) of the alleged debt you claim I owe as required by, but not limited to, UCC, Contract Law, FCBA, FDCPA, it may be deemed a violation of my Civil Rights pursuant, but not limited, to 42 U.S.C.§§ 1985, 1986, and subject you to a lawsuit for damages sustained as well as potential criminal prosecution. Those Civil Rights laws do NOT require "State action/involvement" for one to be found guilty of violating them. This was recognized by the US. Supreme Court in *Griffin v. Breckenridge. 403 U.S. 88, 91 S.Ct.1790, 29 L.Ed.2d 338 (1971)* where they stated, "[T]he failure to mention any such (state action] requisite can be viewed as an important indication of congressional intent to speak in section 1985(3) of all deprivations of 'equal protection of the laws' and 'equal privileges and immunities under the laws.' *whatever their source."* Also, see *Chapman v. The Higbee Co., 6th Cir. Apps. (2003).* Any collection action involving a court of law, judge, clerk of courts, attorney will subject you to a violation of my Constitutional and Civil Rights pursuant to 42 U.S.C. § 1983. Such action in connection with the "state" will deem you to be a "state actor". See Supreme Court decisions: See *Adickes v. S. H. Kress & Co., 398 U.S. 144 (1970)* and *Lugar v. Edmonsen Oil Co. Inc., et al., 457 U.S. 922; 102 S. Ct. 2744: 73 L. Ed. 2d 482 (1982).*

## TAKE NOTICE

Debt Collector's failure in providing Respondent with the requisite verification, validating the above referenced alleged debt within the requirements of law as codified in the Fair Debt Collection Practices Act, Fair Credit Reporting Act and the corresponding laws of each state, signifies that Debt Collector tacitly agrees that:

a.  Debt Collector has no lawful, bona fide, verified claim, re the above-referenced alleged account.
b.  Debt Collector waives any and all claims against Respondent and
c.  Debt Collector tacitly agrees that Debt Collector will compensate Respondent for all costs, fees and expenses incurred, re the below - NOTICE OF CONTRACT FEES: in defending against this and any and all continued collection attempts, re the above-referenced alleged account.
d.  Failure of Debt Collector to properly and legally verify/validate alleged debt as required in this notice is a self executing irrevocable power of attorney authorizing Respondent/Alleged Debtor named herein to direct the permanent removal, on behalf of the alleged Creditor, of any and all references to said account in any and all credit reporting agency files of any type.

Please verify and validate any verifiable, bona fide, original loan contract between  and :kenneth-cordell:davis, AKA land owner/real property owner, containing land owner's bona fide signature and a description of the nature and cause of that verifiable contract.

Please provide and verify documentation showing that all parties were apprised of the meaning of the terms and conditions of said alleged original loan contract at the time the alleged original loan contract was executed.

Please verify by signed affidavit under penalty of perjury the name and address of the person who has actual and personal knowledge of :kenneth-cordell:davis signing a loan contract with Bank of America N.A.

Please verify by signed affidavit under penalty of perjury the name and address of the person who has actual and personal knowledge of :kenneth-cordell:davis signing a loan contract with Bayview Loan Servicing, LLC,.

I request to be mailed to me a Certified and Verified Copy of an executed loan contract between Bank of America N.A. and myself from the existing original containing a blue/black ink signature.

I request to be mailed to me a Certified and Verified Copy of an executed contract between Bayview Loan Servicing, LLC, and myself from the existing original containing a blue/black ink signature.

<u>Your response must be in affidavit form</u> under your full commercial liability, rebutting each of my points, on a point-by-point basis, that <u>the facts contained therein are true. correct. complete and not misleading</u>.  Declarations are insufficient, as declarations permit lying by omission, which no honorable presentment may contain

FAILURE to verify and/or adequately assure your claim and authority by contract with me <u>within the next 30 days</u>, as stated above, in accordance with said definitions, will be deemed a <u>dishonor</u> of this presentment/DEBT VALIDATION LETTER and has fraudulently attempted to assert a claim against me, and extort, induce money from me in the present and past, in which you have and have had no legal right to, via the U.S. Mail or any mail.

Additionally, please refrain from sending me a print-out or copies of statements as purported verification. Any such act will be subject to legal action for violations of, not limited to, the FDCPA.

Debt Collector's failure in providing Respondent with the requisite verification, validating the above referenced alleged debt within the requirements of law as codified in the Fair Debt Collection Practices Act, Fair Credit Reporting Act and the corresponding laws of each state, signifies that Debt Collector tacitly agrees to the terms and conditions of my NOTICE OF CONTRACT FEES referenced below :

**NOTICE OF CONTRACT FEES:  This is a notice** of contract offer and a consensual agreement of contract fees between Bayview Loan Servicing, LLC assigns and associates and Kenneth davis for services performed by :kenneth-cordell:davis upon further unverified and invalidated correspondences from  Bayview Loan Servicing, LLC, agents, assigns and associates.

**NOTICE OF FEE SCHEDULE**
      $500.00 per hour for each future response, with a minimum of 2 hours';
      $500.00 for filing per complaint against each attorney's license;
      $500.00 for each and every other response in the instant matter;
      $180,000.00 for any court action that may arise pursuant to this matter;

$10,000.00 per each billing to establish a lien in addition to other fees, required to
    perfect a lien against Bayview Loan Servicing, LLC, agents, assigns and associates
$100,000.00 for each negative credit report to any credit reporting company for
commercial damages.

This response will constitute my effort to resolve this on-going debt claim between the parties
involved. Until full disclosure is achieved, there can be no case, collection or action. "No civil or
criminal cause of action can arise lest, out of fraud, there be a valid, honest contract." See *Eads
v. Marks* 249 P. 2d 257, 260.

Done this _____ Day of September 2013

I declare under penalties of perjury in accordance with the laws of the United States of America
(**without** the "United States") Title 28 U.S.C. § 1746(1) the forgoing is true and correct and is
admitted when not rebutted, so help me.

All Rights Reserved Under UCC 1-308
:Kenneth-cordell:davis

_____

## AFFIDAVIT OF SERVICE

On this _____ day of September 2013 I, :kenneth-cordell:davis served one copy of the following:

**NOTICE AND DEMAND TO VALIDATE DEBT CLAIM, Six (6) pages in length**
**AFFIDAVIT OF FORGERY PURSUANT TO O.C.G.A. 44-2-23 One (1) page in length**
A total of seven (7) pages served herewith (not including this Affidavit of Mailing)
by United States Postal Service Certified Mail # 70113500000198597376  in a sealed envelope postage
pre-paid, properly
addressed to BAYVIEW LOAN SERVICING, LLC. as followed:

BAYVIEW LOAN SERVICING, LLC
4425 Ponce de Leon Blvd. 5th Floor
Coral Gables, FL 33146

I declare under penalty of perjury under the laws of the State of Georgia
that the above is true, correct, and complete, and that this Affidavit of
Service was executed on this_____day of September, 2013 at Lawrenceville, Georgia.

Sworn to and subscribed to me this
_____ day of September, 2013

_____
                                    :kenneth-cordell:davis

Notary Public

Sworn to and subscribed to me this
_____day of September, 2013        _____
                                    Unofficial Witness

_____
Notary Public                     Seal

## AFFIDAVIT OF FORGERY PURSUANT TO O.C.G.A. 44-2-23

I, :kenneth-cordell:davis, do hereby affirm that, I am older than 18 years of age, competent, and I have personal knowledge of all the facts, allegations, and statements contained herein the Varified Complaint and my statements are true to the my best knowledge and beliefs.

Furthermore, I affirm to the best of my beliefs, personal knowledge and in good faith that the Assignment made by Mortgage Electronics Registration System, Inc, to BAC Home Loans Servicing, LP, FKA Countrywide Home Loans Servicing, LP and the Foreclosure Deed recorded into Fulton County, Georgia's records and deeds as enumerated below are Forgeries:

1. Gwinnett County Records entered on Jun 17, 2010 Assignment - Book 50124 Page 0678: Processed by Prommis Solutions, LLC Atlanta, GA.
2. That C Troy Crouse and Thomas A. Sears are known robo signors who have forged the purported documents.
3. That C Troy Crouse and Thomas A. Sears are not authorized as Power of Attorney to sign assignments in Gwinnett County according to GA law.
4. Gwinnett County Records entered on July 28, 2008 Assignment of Mortgage – Book 48992 Page 0846 Processed by M.E. Wileman , Orion Financial Group, Inc. Southlake, TX.
5. That C. Lafferty is not authorized as Power of Attorney to sign assignments in Gwinnett County according to GA law.

I, :kenneth-cordell:davis, the undersigned, do affirm the above to be true and correct and under the penalty of perjury and pursuant to O.C.G.A. 9-10-111 and O.C.G.A. 44-2-23, respectively, So Help Me God.

Sworn to and subscribed to me this
_____ day of September, 2013

_____
:kenneth-cordell:davis

Notary Public

Sworn to and subscribed to me this
_____day of September, 2013

_____
Unofficial Witness

_____
Notary Public

Seal

EXHIBIT E

Ex. E


BAYVIEW
LOAN SERVICING

NOVEMBER 11, 2013

KENNETH DAVIS
C/O SOMMER TYSON, NOTARY
PO BOX 361423
DECATUR, GA 30036

LOAN NUMBER:      651502
SUBJECT:          DEBT VALIDATION

Dear Mr. and Mrs. Davis:

This letter is in response to the recent correspondence received in our office regarding the above account.

After reviewing your account, our records show that a correspondence was provided to you on October 1, 2013 in response to your Debt Validation request which was received in our office and acknowledged on September 19, 2013.

Enclosed is a copy of the October 1, 2013 correspondence for your review as our previous response sufficiently states Bayview Loan Servicing, LLC's position regarding this matter. Also enclosed is a copy of the Assignment of Security Deed, Notice of Service Transfer and Change of Owner Notification for your review.

Presently, the loan reflects a severely delinquent status as it is past due for October 2008 and subsequent payments.

If you have any further questions, please contact our Customer Service Department at (800) 457-5105.

Thank you for the opportunity to respond to your concerns.

Sincerely,

Brittnie Forde
Research Department

Consumer Credit Report for KENNETH C. DAVIS                    File Number: 440587787  Date Issued: 12/26/2013

## BAC HOME LOANS SERV LP #18379**** ( 4161 PIEDMONT PKWY, GREENSBORO, NC 27410, (800) 451-6362 )

| | | |
|---|---|---|
| Date Opened: | 03/20/2008 | |
| Responsibility: | Joint Account | |
| Account Type: | Mortgage Account | |
| Loan Type: | CONVENTIONAL REAL ESTATE MTG | |

| | |
|---|---|
| Date Updated: | 08/19/2013 |
| Payment Received: | $0 |
| Last Payment Made: | 09/04/2009 |

| | |
|---|---|
| Pay Status: | ›Account 120 Days Past Due‹ |
| Terms: | $1,708 per month, paid Monthly for 360 months |
| Date Closed: 07/31/2013 | |
| ›Maximum Delinquency of 120 days in 01/2010 and in 07/2013‹ | |

High Balance: High balance of $232,254 from 12/2011 to 06/2012; $232,254 from 07/2013 to 07/2013
Remarks: ›BANKRUPTCY DISMISSED‹
Estimated month and year that this item will be removed: 09/2016

| | 07/2013 | 06/2013 | 05/2013 | 04/2013 | 03/2013 | 02/2013 | 01/2013 | 12/2012 | 11/2012 | 10/2012 | 09/2012 | 08/2012 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Balance | $0 | | | | | | | | | | | |
| Scheduled Payment | $1,708 | | | | | | | | | | | |
| Amount Paid | $0 | | | | | | | | | | | |
| Past Due | $0 | | | | | | | | | | | |
| Remarks | AID/TRL/TRR | | | | | | | | | | | |
| Rating | 120 | X | X | X | X | X | X | X | X | X | X | X |

| | 07/2012 | 06/2012 | 05/2012 | 04/2012 | 03/2012 | 02/2012 | 01/2012 | 12/2011 | 11/2011 | 10/2011 | 09/2011 | 08/2011 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Balance | | $228,006 | $228,006 | $228,006 | $228,006 | $228,006 | $228,006 | $228,006 | | | | |
| Scheduled Payment | | $1,708 | $1,708 | $1,708 | $1,708 | $1,708 | $1,708 | $1,708 | | | | |
| Amount Paid | | $0 | $0 | $0 | $0 | $0 | $0 | $0 | | | | |
| Past Due | | $56,885 | $54,919 | $53,089 | $51,259 | $49,560 | $48,408 | $46,610 | | | | |
| Remarks | | AID/FR | AID/FR | AID | AID | AID | AID | AID | | | | |
| Rating | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 120 | X | X | X | X |

| | 07/2011 | 06/2011 | 05/2011 | 04/2011 | 03/2011 | 02/2011 | 01/2011 | 12/2010 | 11/2010 | 10/2010 | 09/2010 | 08/2010 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Rating | X | X | X | X | X | 120 | X | 120 | 120 | X | 120 | X |

| | 07/2010 | 06/2010 | 05/2010 | 04/2010 | 03/2010 | 02/2010 | 01/2010 | 12/2009 | 11/2009 | 10/2009 | 09/2009 | 08/2009 | 07/2009 | 06/2009 | 05/2009 | 04/2009 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Rating | X | 120 | 120 | 120 | 120 | 120 | 120 | 90 | 60 | 90 | OK | OK | OK | OK | OK | OK |

| | 03/2009 | 02/2009 | 01/2009 | 12/2008 | 11/2008 | 10/2008 | 09/2008 | 08/2008 | 07/2008 | 06/2008 | 05/2008 | 04/2008 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Rating | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | X |

## BAYVIEW LOAN SERVICING #628000065**** ( 4425 PONCE DE LEON, 5TH FLOOR, CORAL GABLES, FL 33146, (800) 457-5105 )

| | |
|---|---|
| Date Opened: | 03/20/2008 |
| Responsibility: | Joint Account |
| Account Type: | Mortgage Account |
| Loan Type: | CONVENTIONAL REAL ESTATE MTG |

| | |
|---|---|
| Date Updated: | 12/05/2013 |
| Payment Received: | $0 |
| Last Payment Made: | 09/01/2009 |

| | |
|---|---|
| Pay Status: | ›Account 120 Days Past Due‹ |
| Terms: | $1,709 per month, paid Monthly for 360 months |
| ›Maximum Delinquency of 120 days in 10/2013 for $85,644 and in 12/2013 for $89,302‹ | |

High Balance: High balance of $232,254 from 10/2013 to 12/2013
Estimated month and year that this item will be removed: 09/2016

| | 12/2013 | 11/2013 | 10/2013 |
|---|---|---|---|
| Balance | $228,006 | $228,006 | $228,006 |
| Scheduled Payment | $1,709 | $1,709 | $1,709 |
| Amount Paid | $0 | $0 | $0 |
| Past Due | $89,302 | $87,473 | $85,644 |
| Rating | 120 | 120 | 120 |

## CHASE BANK USA NA #540168303796**** ( PO BOX 15298, WILMINGTON, DE 19850, (800) 955-9900 )

| | |
|---|---|
| Date Opened: | 01/18/2005 |
| Responsibility: | Individual Account |
| Account Type: | Revolving Account |
| Loan Type: | CREDIT CARD |

| | |
|---|---|
| Balance: | $0 |
| Date Updated: | 07/01/2011 |
| Last Payment Made: | 08/07/2008 |
| High Balance: | $9,498 |
| Credit Limit: | $7,400 |

| | |
|---|---|
| Pay Status: | ›Account paid in Full; was a Charge-off‹ |
| Date Closed: 07/01/2008 | |

Remarks: PURCHASED BY ANOTHER LENDER
Estimated month and year that this item will be removed: 04/2015

## CHASE/BANK ONE CARD SERV #426684112749**** ( PO BOX 15298, WILMINGTON, DE 19850, (800) 955-9900 )

| | |
|---|---|
| Date Opened: | 02/02/2005 |
| Responsibility: | Individual Account |
| Account Type: | Revolving Account |
| Loan Type: | CREDIT CARD |

| | |
|---|---|
| Balance: | $5,699 |
| Date Updated: | 11/03/2013 |
| Payment Received: | $0 |
| Last Payment Made: | 08/07/2008 |
| High Balance: | $5,977 |
| Original Charge-off: | $5,699 |
| Credit Limit: | $5,400 |
| Past Due: | ›$5,699‹ |

| | |
|---|---|
| Pay Status: | ›Charged Off‹ |
| Terms: | Paid Monthly |
| Date Closed: 08/01/2008 | |
| ›Maximum Delinquency of 120 days in 09/2009 and in 10/2013‹ | |

Remarks: CLOSED BY CREDIT GRANTOR; ›UNPAID BALANCE CHARGED OFF‹
Estimated month and year that this item will be removed: 05/2015

**To dispute online go to: http://transunion.com/disputeonline**

P 37IXM-002 02074-I026682 04/14

P.O. Box 105314
Atlanta GA 30348

December 26, 2013

# EQUIFAX

 To Start An Investigation, Please Visit Us At:
www.investigate.equifax.com



001545989-318
Kenneth Cordell Davis
1835 Logan Ridge Cir
Loganville, GA 30052-8170

Dear Kenneth Cordell Davis:

Thank you for requesting your credit file, commonly called a Consumer Credit Report. Your credit file contains information received primarily from companies which have granted you credit and from public record sources. Great care has been taken to report this information correctly. Please help us in achieving even greater accuracy by reviewing all of the enclosed material carefully.

To allow us to protect your privacy and deliver prompt service, please have your confirmation number accessible when you call or visit our web site. If there are items you believe to be incorrect, you may be able to initiate an investigation request via the Internet 24 hours a day, 7 days a week at:

## www.investigate.equifax.com

Using the Internet to initiate an on-line investigation request will expedite the resolution of your concerns.

Or you may complete the enclosed Research Request Form and return it to:

**Equifax Information Services LLC**
P.O. Box 105314
Atlanta GA 30348

*NOTE: Sending the Research Request Form to any other address will delay the processing of your request.*

Please note, when you provide documents, including a letter, to Equifax as part of your dispute, the documents may be submitted to one or more companies whose information are the subject of your dispute.

**Under the FACT Act, you have the right to request and obtain a copy of your credit score. To obtain a copy of your credit score, please call our automated ordering system at:** *1-877-SCORE-11.*

---

### Get Informed. Be empowered.

For an added convenience, use one of the below options to start an investigation or check the status of your dispute.

Visit us at **www.equifax.com/CreditReportAssistance** or Call us at 866-349-5186.

---

Confirmation    Dispute    Completed
404100008|    2/10/14    3/5/2014

**Bank of America, P.O. Box 982235 El Paso TX 79998-2235**

| Account Number | Date Reported | Balance Amount | Date Opened | High Credit | Credit Limit | Terms Duration | Date of 1st Delinquency | Date of Last Activity | Months Revd | Activity Designator | Date Closed |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 488893B52445* | 01/01/2010 | $0 | 09/01/2004 | $3,931 | $500 | 48 | 12/2008 | | | Closed | 01/2010 |

Status - Pays As Agreed; Type of Account - Revolving; Type of Loan - Credit Card; Whose Account* - Individual Account; ADDITIONAL INFORMATION - Account Closed By Credit Grantor; Credit Card;

Account History
with Status Codes

| | | | | | |
|---|---|---|---|---|---|
| | | | 10/2009 | | |
| | | | 1 | | |

**Bank of America, N.A., 4161 Piedmont Pkwy Greensboro NC 27410-8110 (800) 451-6362**

| Account Number | Items As of Date Reported | Balance Amount | Date Opened | Date of Last Paymt | Actual Paymt Amount | Scheduled Paymt Amount | Terms Duration | Date of 1st Delinquency | Date Mtg. Del. 1st Rptd | Charge Off Amount | Deferred Pay Start Date | Balloon Pay Amount | Balloon Pay Date | Date Closed |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 18379* | 08/11/2013 | $0 | 03/20/2008 | 09/2009 | $232,254 | $1,708 | | | | | | | | 07/2013 |

Status - Over 120 Days Past Due; Type of Loan - Conventional Re Mortgage; Whose Account* - Joint Account; ADDITIONAL INFORMATION - Account Transferred or Sold; Real Estate Mortgage; Conventional Mortgage; Chapter 13 Bankruptcy Dismissed.

Account History
with Status Codes

| 07/2013 | 06/2012 | 05/2012 | 04/2012 | 03/2012 | 02/2012 | 01/2012 | 12/2011 | 11/2010 | 10/2010 | 09/2010 | 06/2010 | 05/2010 | 04/2010 | 03/2010 | 02/2010 | 01/2010 | 12/2009 | 11/2009 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 6 | 6 | 6 | 6 | 6 | 6 | 6 | 6 | 6 | 6 | 6 | 6 | 6 | 6 | 6 | 6 | 6 | 2 | 2 |

**Bayview Loan Servicing, 4425 Ponce De Leon Blv Coral Gables FL 33146-1837 (800) 457-5105**

| Account Number | Date Reported | Balance Amount | Date Opened | High Credit | Credit Limit | Terms Duration | Date of 1st Delinquency | Date of Last Activity | Months Revd | Activity Designator | Date Closed |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 62B000065* | 12/05/2013 | $228,006 | 03/20/2008 | $232,254 | | 30Y | 10/2009 | | | | |

Status - Conventional Re Mortgage; Type of Loan - Conventional Re Mortgage; Whose Account* - Joint Account; ADDITIONAL INFORMATION - Real Estate Mortgage; Conventional Mortgage;

Account History
with Status Codes

| 11/2013 | 10/2013 | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 6 | 6 | | | | | | | | | | | | |

**Chase Bank USA, Na, PO Box 15298 Wilmington DE 19850-5298 (800) 955-9900**

| Account Number | Items As of Date Reported | Balance Amount | Date Opened | High Credit | Credit Limit | Terms Duration | Terms Frequency | Date of 1st Delinquency | Months Revd | Charge Off Amount | Activity Designator | Creditor Classification | Date Closed |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 426684112749* | 11/03/2013 | $5,699 | 08/2008 | $5,400 | | Monthly | 06/2008 | 02/2009 | 99 | $5,699 | Closed | | |

Status - Charge Off; Type of Account - Revolving; Type of Loan - Credit Card; Whose Account* - Individual Account; ADDITIONAL INFORMATION - Charged Off Account; Account Closed By Credit Grantor;

Account History
with Status Codes

| Items As of Date Reported | Amount Past Due | | Date of Last Paymt | Actual Paymt Amount | Scheduled Paymt Amount | Date of 1st Delinquency | Date of Last Activity | Months Revd | Charge Off Amount | Deferred Pay Start Date | Balloon Pay Amount | Balloon Pay Date | Date Closed |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 10/2012 | 01/2012 | 12/2011 | 10/2011 | 09/2011 | 08/2011 | 07/2011 | 04/2011 | 03/2011 | 02/2011 | 01/2011 | 12/2010 | 09/2010 | 08/2010 |
| 6 | 6 | 6 | 6 | 6 | 6 | 6 | 6 | 6 | 6 | 4 | 4 | 4 | 4 |
| 10/2012 | 09/2013 | 08/2013 | 05/2013 | 02/2013 | 03/2013 | 01/2013 | 12/2012 | 10/2012 | 09/2012 | 08/2012 | 07/2012 | 06/2012 | 05/2012 | 04/2012 | 03/2012 | 02/2012 |
| 6 | 6 | 6 | 6 | 6 | 6 | 6 | 6 | 6 | 6 | 6 | 6 | 6 | 6 | 6 | 6 | 6 |
| 07/2010 | 06/2010 | 05/2010 | 04/2010 | 03/2010 | 02/2010 | 01/2010 | 12/2009 | 11/2009 | 10/2009 | 09/2009 | 08/2009 | 07/2009 | 06/2009 | 05/2009 | 04/2009 | 03/2009 | 02/2009 |
| 4 | 4 | 4 | 4 | 4 | 4 | 4 | 4 | 3 | 3 | 2 | 2 | | | | | | |

(Continued On Next Page)

33600235223PD-0015645989 - 318 - 959 - CS



Prepared for: KENNETH C DAVIS
Date: December 26, 2013
Report number: 0095-1393-50

Page 5 of 26

Your accounts that may be considered negative (continued)

Account history - *If your creditor reported your account balances to us, we list them in this section as additional information about your account. Your balance history may also include your credit limit and high balance or the original loan amount for an installment loan. This section also includes the scheduled payment amounts, amounts actually paid and the dates those payments were made. ND: No Data.*

| | | | | | | **AB** = Account balance ($) | **DPR** = Date payment received | | | | | | | | = Scheduled payment amount ($) | | **AAP** = Actual amount paid ($) |

**BAYVIEW FINANCIAL LOAN**
4425 PONCE DE LEON BLVD
CORAL GABLES FL 33146
No phone number available
Partial account number
628000065....
Address Identification number
0685539218

| Date opened | Type | Credit limit or original amount | Recent balance | Responsibility |
|---|---|---|---|---|
| Mar 2008 | Mortgage | $232,254 | $228,006 as of Dec 2013 | Joint with ADDIE DAVIS |
| First reported | Terms | | | Status |
| Oct 2013 | 30 Years | | | Open. $89,302 past due as of Dec 2013. |
| Date of status | Monthly payment | High balance | | By Jul 2016, this account is scheduled to go to a positive status. |
| Oct 2013 | $1,709 | Not reported | | |

Payment history
2013
DEC NOV OCT
ND  ND  ND

| | Nov13 | Oct13 |
|---|---|---|
| **AB** | 228,006 | 228,006 |
| **DPR** | Sep01 | Sep01 |
| | 1,709 | 1,709 |
| **AAP** | ND | ND |

▼ *The original amount of this account was $232,254.*

| | Jun12 | May12 | Apr12 | Mar12 | Feb12 | Jan12 | Dec11 |
|---|---|---|---|---|---|---|---|
| **AB** | 228,006 | 228,006 | 228,006 | 228,006 | 228,006 | 228,006 | |
| **DPR** | Jun25 | May21 | Apr05 | Mar05 | Feb06 | Jan10 | Dec06 |
| | -1,708 | 1,708 | 1,708 | 1,708 | 1,708 | 1,708 | 1,708 |
| **AAP** | ND | ND | ND | ND | ND | ND | ND |

**CHASE BANK USA**
PO BOX 15298
WILMINGTON DE 19850
Phone number
(800) 955 9900
Partial account number
5401683037986....
Address Identification number
0685539218
Sold to: ASTA

| Date opened | Type | Credit limit or original amount | Recent balance | Responsibility |
|---|---|---|---|---|
| Jan 2005 | Credit card | $7,400 | $0 as of Dec 2009 | Individual |
| First reported | Terms | | | Status |
| Feb 2005 | Not reported | | | Closed. $7,827 written off. |
| Date of status | Monthly payment | High balance | | Creditor's statement |
| Dec 2009 | Not reported | $9,498 | | "Purchased by another lender." This item was updated from our processing of your dispute in Jul 2011. |

Account history - *If your creditor reported your account balances to us, we list them in this section as additional information about your account. Your balance history may also include your credit limit and high balance or the original loan amount for an installment loan. This section also includes the scheduled payment amounts, amounts actually paid and the dates those payments were made. ND: No Data.*

| | | | | | | **AB** = Account balance ($) | **DPR** = Date payment received | | | | | | | | = Scheduled payment amount ($) | | **AAP** = Actual amount paid ($) |

## CERTIFICATE OF SERVICE

I certify that a copy of the Summons and Complaint will be served upon defendant(s) party listed below in compliance with FRCP Rule 4;

*Defendant*